| **Lewis Roca Rothgerber Christie LLP** | **Edward L. White, P.C.** |
|---|---|
| 201 East Washington Street, Suite 1200 | 829 East 33rd Street |
| Phoenix, AZ 85004-2595 | Edmond, Oklahoma 73013 |
| **Steven J. Hulsman** (State Bar No. 010929) | **Edward L. White** (admitted *pro hac vice*) |
| Direct Dial: 602.262.5313 | Phone: 405.810.8188 |
| Direct Fax: 602.734.3769 | Fax: 405.608.0971 |
| Email: shulsman@lrrc.com | Email: ed@edwhitelaw.com |
| **Jared L. Sutton** (State Bar No. 028887) | |
| Direct Dial: 602.262.0259 | |
| Direct Fax: 602.734.3924 | |
| Email: jsutton@lrrc.com | |

Attorneys for Plaintiff Christina C. Wray, on behalf of herself and all other similarly situated

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Christina C. Wray, on behalf of herself and all other similarly situated, | No. 2:18-cv-00432-SRB |
| Plaintiff, | **PLAINTIFF'S MOTION TO RETAIN JURISDICTION** |
| vs. | |
| PHI Air Medical, L.L.C., a Louisiana Limited Liability Company, | |
| Defendant. | |

At the recent status conference, the Court questioned whether it should retain jurisdiction over this case or refer it to the court where PHI's bankruptcy was filed for a determination of whether the discharge injunction bars this case from proceeding and for ultimate determination of the issues at stake if the case may proceed.

**A.  It is premature to decide the jurisdictional issue because of Plaintiff's pending motion in the Ninth Circuit.**

Initially, Plaintiff submits that this issue is not yet ripe for determination due to a pending motion in the Ninth Circuit. Plaintiff's Motion for Leave to Appeal the District Court's refusal to certify a class was filed September 3, 2019, and Defendant responded on September 13, 2019. Plaintiff's Motion is fully briefed and pending resolution by the Ninth Circuit. This Court should not finally decide whether to retain jurisdiction until the Ninth Circuit decides whether to accept the appeal and, if it does, until that appeal is finalized.

109636970.1

Plaintiff asks the Court to consider both possible outcomes of the petition for leave to appeal as they relate to whether the Court should retain jurisdiction.

1.  **Leave to Appeal Granted**. Parties will brief the issues related to the propriety of the District Court's denial of class certification, a hearing will likely take place, and the Ninth Circuit will decide whether to affirm or reverse the District Court's denial of class certification. Defendant could have asserted, in responding to the Motion for Leave to Appeal, that jurisdiction over these issues properly resided in the Bankruptcy Court for the Northern District of Texas, rather than in the Ninth Circuit. It did not make that argument and has not sought leave to supplement its response to assert that argument. Defendant voluntarily allowed this matter to be submitted to the Ninth Circuit for determination of the relevant issues that Plaintiff seeks to appeal.

The issues at stake in the appeal are non-bankruptcy federal legal issues related to class certification, and they also implicate state law regarding contracting and collection of alleged debts. Therefore, Defendant should not be able to assert an issue in this case that it waived in the prospective appeal. If the Ninth Circuit allows the appeal and reverses the District Court, then the District Court can address the question of whether to retain jurisdiction in view of the nature of the remand. If the Ninth Circuit allows the appeal and affirms the District Court, then the case will proceed solely on Plaintiff's individual claim. Plaintiff's individual claim is non-core, and it is simply not large enough to be material to the administration of the bankruptcy estate as noted below.[1]

2.  **Leave to Appeal Denied**. If the Ninth Circuit denies Plaintiff the right to appeal class certification, only Plaintiff's individual claims will be adjudicated. Whether Plaintiff owes PHI $50,000 or not will have no meaningful impact on the

---

[1] *See, e.g., Premier Pipe, LLC v. J.D. Fields & Co.*, 2009 Bankr. Lexis 2398 (S.D. Tex. Aug. 24, 2009) (distinguishing situations where the claim at issue was the largest claim against the estate, in which case the claim was "core" from cases where the relatively small claims were not material to the administration of the estate, and the claims were deemed "non-core").

109636970.1

bankruptcy estate. The claim is simply not large enough to materially affect a half-billion-dollar bankruptcy estate. Plaintiff's claims are non-core (*see* discussion below) and the questions presented are not bankruptcy issues.

Therefore, litigation of Plaintiff's individual claims should take place in the Arizona District Court and, at the very least, the decision about whether they should stay in this District should await the outcome of the pending Motion in the Ninth Circuit.

**B.      This is a non-core matter not fit for bankruptcy jurisdiction.**

Plaintiff's motion for leave to appeal aside, sending the matter to the bankruptcy court would be improper because this is a non-core matter not subject to the bankruptcy court's jurisdiction (and because a jury trial may be needed to determine the amount owed to Defendant under any contract that exists). Plaintiff filed a proof of claim in the bankruptcy proceeding, which remains pending. The amount of the claim, and whether Plaintiff is a creditor (in which case the discharge injunction may apply) or a debtor (in which case the discharge injunction would not apply), requires litigation to determine. This is not a case where the suit was filed by a creditor who was clearly owed a sum certain by PHI; instead, it is an action filed by a nominal debtor to determine the proper amount Plaintiff owes PHI, if any. Because this is not a suit by a creditor to collect, but rather a *de facto* declaratory judgment action seeking a determination of the amount of a debt, it is not barred by the discharge injunction.

In the first instance, bankruptcy jurisdiction is determined by 28 USC §§ 157 and 1334. The District Courts have original, but not exclusive jurisdiction of all civil proceedings arising under title 11, or related to cases under title 11. *See* 28 U.S.C. § 1334(b). Core proceedings are generally subject to determination by the bankruptcy court. *Id.* § 157(b)(2). Non-core proceedings are not subject to determination by the bankruptcy court. *Id.* § 157(b)(4). The district court has the authority to decide the issues in this case "if the court determines that resolution of the proceeding requires consideration of both title 11 [bankruptcy law] and other laws of the United States regulating organizations or activities affecting interstate commerce." *Id.* § 157(d).

109636970.1

This is not a core matter. PHI may argue that at least two provisions of § 157(b)(2) apply in this instance, rendering this a "core" matter, but upon close reading, they do not. The first applies to "claims against the estate…and estimation of claims or interests for the purposes of confirming a plan…." *Id.* § 157(b)(2)(B). This provision does not render the matter "core" because this claim is not being evaluated in connection with confirming a plan. The plan has already been confirmed. The second provision that potentially renders this matter "core" relates to "counterclaims by the estate against persons filing claims against the estate." However, PHI's Amended Answer (Doc. 56) and its discovery in this case makes it clear that it is not asserting a counterclaim against Plaintiff. *See* Def's Resp. in Opp. to Mot. for Class Cert. at Ex. C at pp. 184, 185.

Bankruptcy courts cannot try non-core jury proceedings without the consent of the parties. *In re. Cinematronics, Inc.*, 916 F.2d 1444 (9th Cir. 1990). In a similar case addressing a contested contract claim, a bankruptcy court transferred the matter to the district court, noting as follows:

> We find that this adversary proceeding is related [to the bankruptcy] in nature. As the parties have not consented to this Court's exercise of jurisdiction, we would be required to issue Findings of Fact and Conclusions of Law for review by the District Court. Because Pacific has requested a jury trial in this matter, any such action conducted by this Court would be advisory. This Court believes that such an act would be a serious waste of judicial resources; therefore, we will transfer this action to the District Court for determination.

*In re. Int'l Bldg Components*, 74 B.R. 394, 397 (W.D. Penn. Bankr. 1987).

There is no reason for this court to refer the case to the bankruptcy court when there is a likelihood that whatever decision might be rendered there would be subject to subsequent review by a district court.

As to the murky application of the discharge injunction in this matter, that issue should await resolution of the appellate matter voluntarily submitted by the parties, without objection, to the jurisdiction of the Ninth Circuit. Plaintiff is not a "creditor" in the classic sense, but rather a "debtor" seeking a declaratory judgment that she does

109636970.1

not owe PHI the full amount it billed her. Bankruptcy does not imbue the claims of the bankrupt entity with superpowers to avoid the normal judicial scrutiny applied to determination of whether a putative creditor can collect a putative debt. This is an unusual case, and the Court should defer determination of that issue until after the Ninth Circuit rules on the matter voluntarily submitted to it by the parties without objection.

## CONCLUSION

The question of whether this Court should retain jurisdiction is not ripe given proceeding ongoing at the Ninth Circuit. However, given the non-core nature of the proceeding and the other factors analyzed herein, it makes more sense for the Court to retain the case than to refer it to a bankruptcy court which has little experience dealing with a full civil trial of a contested issue likely to go to a jury for determination based on non-bankruptcy law.

DATED this 31st day of October, 2019.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: */s/ Jared L. Sutton*
    Steven J. Hulsman
    Jared L. Sutton

– and –

EDWARD L. WHITE, P.C.

By: */s/ Edward L. White (w/ permission)*
    Edward L. White (admitted *pro hac vice*)

*Attorneys for Plaintiff Christina C. Wray, on behalf of herself and all other similarly situated*

109636970.1

# CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the recipients registered to receive filing notifications in this case.

Paul G. Johnson
Jennings, Strouss & Salmon, P.L.C.
One East Washington Street, Suite 1900
Phoenix, Arizona 85004-2554
*Attorneys for Defendant*

Henry A. King
John A. Cangelosi
Michael L. Vincenzo
King & Jurgens, L.L.C.
201 St. Charles Avenue, Suite 4500
New Orleans, Louisiana 70170
*Attorneys for Defendant*

/s/ Patty Vejar
Lewis Roca Rothgerber Christie LLP

Lewis Roca ROTHGERBER CHRISTIE
201 East Washington Street, Suite 1200
Phoenix, AZ 85004-2595

109636970.1